*stip does not directly affect plan. confirmation 1/28/2020*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kelly McIntyre<br>*Debtor* | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>*Movant*<br>vs.<br>Kelly McIntyre<br>*Debtor*<br>William C. Miller, Esquire<br>*Trustee* | NO. 19-15255 ELF<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are currently due for a partial payment of $13.45 for December 2019's payment amount, which Debtor shall make on or before December 31, 2019.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due January 13, 2020 in the amount of $548.85.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

Date:   December 10, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 12/19/19

Carol B. McCullough, Esquire
Attorney for Debtor

Date: 12/30/19

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies.

# ORDER

Approved by the Court this 7th day of January 2020, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank