# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kelly McIntyre <br> _Debtor_ | CHAPTER 13 |
| Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-8, Asset-Backed Certificates, Series 2006-8 <br> _Movant_ <br> vs. <br> Kelly McIntyre <br> _Debtor_ <br> William C. Miller, Esquire <br> _Trustee_ | NO. 19-15255 ELF <br><br> 11 U.S.C. Section 362 |

## CONSENT ORDER ON MOTION FOR RELIEF FROM STAY

1. IT IS HEREBY ORDERED that the Motion for Relief from Stay is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

2. FURTHER ORDERED that as of **April 19, 2021,** the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Missed Principal and Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|---|---|
| 2 | Dec. 2020 | Jan. 2021 | $780.50 | $486.36 | $1,266.86 | $2,533.72 |
| **Number of Missed Payments** | **From** | **To** | **Monthly Missed Principal and Interest** | **Monthly Missed Escrow (if applicable)** | **Monthly Payment Amount** | **Total of Monthly Payments Missed** |
| 3 | Feb. 2021 | April 2021 | $880.43 | $486.36 | $1,366.79 | $4,100.37 |
| Less post-petition partial payments (suspense balance):  ($691.83) | | | | | | |

**Total: $5,942.26**

3. This arrearage shall be paid as follows:

Debtor is ordered to pay the total post-petition arrearage totaling a sum of **$5,942.26** by amending/modifying the Bankruptcy plan on or before **seven (7) within the filing of this Stipulation.**

4. Regular payments in the amount of **$1,366.79** to be paid on or before **May 1, 2021** and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc. Attn: Remittance Processing P.O. Box 65450 Salt Lake City, UT 84165-0450.

5. FURTHER ORDERED that should Debtor(s) default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtor(s), attorney for Debtor(s) and the Trustee, and failure of Debtor(s) to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a motion and affidavit of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

6. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(3) may be waived.

7. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor(s), shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtor(s) remains in bankruptcy.

Dated this 19th day of April, 2021

CONSENTED TO BY:

/s/Rebecca A. Solarz, Esq.
   **Rebecca A. Solarz, Esquire**
   **Attorney for Movant**


  /s/ Carol B. McCullough, Esquire
   **Carol B. McCullough, Esquire**
   **Attorney for Debtor**

*\* No objection to its terms, without prejudice to any of our rights and remedies*

  /s/ LeRoy W. Etheridge, Esquire, for\*
   **William C. Miller, Esquire**
   **Chapter 13 Trustee**


Approved by the Court this _____ day of _____, 2021. However, the court retains discretion regarding entry of any further order.


                                                   Bankruptcy Judge
                                                  Eric L. Frank